UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY STAUFFER,

        Plaintiff,

                                      CASE NO. 05-CV-73457-DT
v.                                  HONORABLE AVERN COHN

DR. DARREL BRADY,

        Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Plaintiff claims that the defendant, Dr. Darrel Brady, has failed to provide adequate medical care for his complaints of pain in his legs, back, neck, and head. Plaintiff seeks monetary damages and other appropriate relief. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

II.

The Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is also required to dismiss a complaint seeking redress

Dockets.Justia.com

against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A *pro se* litigant's complaint must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

III.

The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, the deliberate indifference standard requires an inmate plaintiff to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *See Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

Plaintiff, however, has made no such showing. Plaintiff alleges no facts to show that the defendant acted with deliberate indifference or intentionally acted to cause him injury or pain with respect to his medical treatment. The documents attached to the complaint reveal that Plaintiff has been evaluated, undergone testing, and received some treatment for his medical complaints. While Plaintiff may disagree with the course of treatment provided, he has not alleged facts to show that the defendant acted unconstitutionally.

Furthermore, it is well-settled that claims of negligence concerning a prisoner's medical treatment, *i.e.* medical malpractice, do not give rise to an action brought under § 1983. *See Estelle*, 429 U.S. at 106. Therefore, any allegation that the defendant has been grossly negligent also fails to state a claim under §1983.

IV.

For the reasons stated above, Plaintiff has failed to state a claim under § 1983. Accordingly, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b)(1).

SO ORDERED.

  s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2005, by electronic and/or ordinary mail.

  s/Julie Owens  
Case Manager  
(313) 234-5160